

**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

---

*Office of International Affairs*                    *Washington, D.C. 20530*

June 24, 2026

The Honorable Tonianne Bongiovanni
United States Magistrate Judge
2020 Clarkson S. Fisher Federal Building
 and United States Courthouse
402 East State Street
Trenton, New Jersey 08608

> Re:    Verification of Consent to Transfer Hearing for
>        Igor Polshyn, Reg. No. 64054-018
>        Case No. 26-mj-3021

Dear Judge Bongiovanni:

The Verification of Consent Hearing to transfer to Ukraine is scheduled for July 30, 2026, at 10:00 a.m.  Enclosed are documents for the above-mentioned prisoner, as well as:

1.  Verification of consent to transfer forms;
2.  The Council of Europe Convention;
3.  18 U.S.C. §§4100-4115;
4.  Proceedings for the Transfer of Offenders to or from Foreign Countries.

Please note that for security reasons it is BOP policy not to disclose this date to anyone other than the individuals involved in the consent verification hearing that need to know.  As a result, this information should not be disclosed to anyone else including the prisoner's family members and consulate.  If you have any questions, please call me at 202-514-7245 or 202-514-3173.

Sincerely,

Vaughn A. Ary
Director

*April L. Days*

By:    April L. Days
       Paralegal Specialist

cc:    Saverio Viggiano, Federal Public Defender Office, Trenton, NJ
       Eric Suggs, United States Attorney's Office, Trenton, NJ

AO 245B  (Rev 11/16) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | CASE NUMBER:   8:15-cr-480-T-24JSS<br>USM NUMBER:   64054-018 |
| IGOR POLSHYN | Defendant's Attorneys: Howard C. Anderson, AFPD and<br>Irina Hughes, AFPD |

THE DEFENDANT:

Was found guilty on Counts One and Two of the Indictment after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 46 U.S.C. §§ 70503(a) and 70506(a) and (b); and 21 U.S.C. § 960(b)(1)(B)(ii) | Conspiracy to Possess with Intent to Distribute Five (5) Kilograms or More of Cocaine While on Board a Vessel Subject to the Jurisdiction of the United States | November 8, 2015 | One |
| 46 U.S.C. §§ 70503(a) and 70506(a); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii) | Aiding and Abetting to Possess with Intent to Distribute Five (5) Kilograms or More of of Cocaine While on Board a Vessel Subject to the Jurisdiction of the United States | November 8, 2015 | Two |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: January 12, 2017

The United States Department of Justice certifies that this is a true copy of the original document in the inmate's file maintained by the Bureau of Prisons.

*Amy Chang Lee*

For Office of International Affairs
United States Department of Justice

SUSAN C. BUCKLEW
**UNITED STATES DISTRICT JUDGE**
DATE: January 12, 2017

AO 245B (Rev 11/16) Judgment in Criminal Case

| | |
|---|---|
| Defendant:   IGOR POLSHYN | Judgment - Page 2 of 6 |
| Case No.:   8:15-cr-480-T-24JSS | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **THREE HUNDRED (300) MONTHS** as to Counts One and Two of the Indictment, all such terms to run concurrently.

The court makes the following recommendations to the Bureau of Prisons: Defendant requests to be confined in same prison facility as his co-defendant Oleksii Tsurkan; the Court has no objection to this request. Defendant requests to participate in English classes for Russian speakers. Defendant requests to be housed in a facility that offers the UNICOR program. The Bureau of Prisons should take into consideration that the defendant was paroled into the United States.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By:_____

DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16)    Judgment in a Criminal Case

---

Defendant:    IGOR POLSHYN
Case No.:    8:15-cr-480-T-24JSS

Judgment - Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS as to Counts One and Two**, all such terms to run concurrently.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4.    You must cooperate in the collection of DNA as directed by the probation officer.


You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. 11/16)    Judgment in a Criminal Case

| | | |
|---|---|---|
| Defendant: | IGOR POLSHYN | Judgment - Page 4 of 6 |
| Case No.: | 8:15-cr-480-T-24JSS | |

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 11/16)   Judgment in a Criminal Case

| Defendant: | IGOR POLSHYN | Judgment - Page 5 of 6 |
|---|---|---|
| Case No.: | 8:15-CR-480-T-24JSS | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X    Should the defendant be deported, he shall not be allowed to re-enter the United States without the express permission of the appropriate governmental authority.

| Defendant: | IGOR POLSHYN | Judgment - Page 6 of 6 |
|---|---|---|
| Case No.: | 8:15-cr-480-T-24JSS | |

## CRIMINAL MONETARY PENALTIES

6. The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | $200.00 | Waived | N/A |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Special assessment of $200.00 due immediately.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution,  (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 11-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Administration of the Sentence

Name:        Igor Polshyn

Sentence:        300 months

Starting date of Sentence:        January 12, 2017

Jail time credit:        431 days

Good conduct time earned as of July 2, 2024: 432 days

Full term release date:        November 6, 2040
(Maximum sentence)

Projected release date if prisoner remains in the United States:        February 25, 2037